IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br>           Plaintiff ) <br>    v. ) <br> ILLINOIS ACTION FOR CHILDREN, ) <br>           Defendant. ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CIVIL ACTION NO. <br> 17-cv-6224 <br><br> <u>C O M P L A I N T</u> <br><br> **JURY TRIAL DEMAND** |

**NATURE OF THE ACTION**

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Myrnie Brown. As alleged with greater particularity in paragraph 14 below, Illinois Action for Children ("IAFC") discriminated against Myrnie Brown by denying her a reasonable accommodation of leave extension and terminating her while she was on leave for surgery and treatment for breast cancer.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant IAFC has continuously been an Illinois corporation doing business in the State of Illinois and the City of Chicago, and has continuously had at least 15 employees.

5. At all relevant times, Defendant IAFC has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C.§§ 12111(5), (7).

6. At all relevant times, Defendant IAFC has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Myrnie Brown filed a charge with the Commission alleging violations of the ADA by Defendant IAFC.

8. On April 15, 2016, the Commission issued to Defendant IAFC a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting

Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. The Commission engaged in communications with IAFC to provide IAFC the opportunity to remedy discriminatory practices described in the Letter of Determination.

10. On December 29, 2016, the Commission issued to Defendant IAFC a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Since at least October 19, 2015, Defendant IAFC has engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112(a) and (b)(5).

13. Myrnie Brown is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Myrnie Brown has an impairment, breast cancer, that substantially limits the major life activity of normal cell growth.

14. Myrnie Brown requested a reasonable accommodation, leave from June 2015 through November 2015; Defendant IAFC was aware that this request was due to Ms. Brown's surgery and follow up treatment for breast cancer; and Defendant IAFC refused to grant leave beyond September 30, 2015. Instead, Defendant IAFC terminated Brown on or about October 19, 2015.

15. The effect of the practices complained of in paragraph 14 above has been to deprive Myrnie Brown of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

16. The unlawful employment practices complained of in paragraph 14 above were intentional.

17. The unlawful employment practices complained of in paragraph 14 above were done with malice or with reckless indifference to the federally protected rights of Myrnie Brown.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant IAFC, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability.

B. Order Defendant IAFC to institute and carry out policies, practices, and programs, which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant IAFC to make whole Myrnie Brown, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant IAFC to make whole Myrnie Brown by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 14, in amounts to be determined at trial.

E. Order Defendant IAFC to make whole Myrnie Brown by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 14 above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant IAFC to pay Myrnie Brown punitive damages for its malicious and reckless conduct, as described in paragraph 14 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: August 28, 2017

                              James Lee
                              Deputy General Counsel

                              U.S. Equal Employment Opportunity Commission
                              131 M. Street, N.E.
                              Washington, D.C. 20507

                              /s/ Gregory Gochanour
                              Gregory Gochanour
                              Regional Attorney

                              /s/ Diane Smason
                              Diane Smason
                              Supervisory Trial Attorney

                              /s/ Kelly Bunch
                              Kelly Bunch
                              Trial Attorney
                              ARDC # 6323195

                              U.S. Equal Employment Opportunity Commission
                              Chicago District Office
                              500 West Madison St. Ste 2000
                              Chicago, Illinois 60661
                              (312) 869-8071
                              kelly.bunch@eeoc.gov