## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ) ) ) | |
| **Plaintiff** | ) ) | **CIVIL ACTION NO.** <br> **17-cv-6224** |
| **v.** | ) ) | |
| **ILLINOIS ACTION FOR CHILDREN,** <br> **Defendant.** | ) ) ) ) ) ) | **Judge Pallmeyer** |

## CONSENT DECREE

### THE LITIGATION

1.  Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that on or about October 19, 2015, Defendant Illinois Action for Children violated Section 102 of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12112(a) and (b)(5), by discriminating against Myrnie Brown on the basis of disability by denying her a reasonable accommodation of leave extension and terminating her while she was on leave for surgery and treatment for breast cancer. Illinois Action for Children filed its Answer and Affirmative Defenses on June 21, 2018, in which it denied the allegations of EEOC's Complaint and First Amended Complaint.

2.  This Consent Decree shall not be construed as an admission by any party of the claims or defenses of any other party.

3.  In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully

1

and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC in this action.

## FINDINGS

4. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

   a. This Court has jurisdiction of the subject matter of this action and of the parties.

   b. All conditions precedent to the institution of this lawsuit have been fulfilled.

   c. The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the EEOC, Myrnie Brown, Illinois Action for Children, and the public interest, are adequately protected by this Decree.

   d. This Decree conforms to the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADA and will be in the best interests of the parties, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## NON-DISCRIMINATION

5. Illinois Action for Children, its officers, agents (including management personnel), employees, successors, assigns, and all persons acting in concert with it are permanently enjoined from discriminating on the basis of disability by failing to provide reasonable accommodations under the ADA.

## NON-RETALIATION

6. Illinois Action for Children, its officers, agents (including management personnel), employees, successors, assigns and all persons acting in concert with it shall not engage

in any form of retaliation against any person because such person has opposed any practice made unlawful under the ADA, filed a Charge of Discrimination under the ADA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADA, or asserted any rights under this Decree.

## MONETARY AND OTHER RELIEF FOR BROWN

7. Within twenty (20) business days after (i) receipt of the Release, attached as Exhibit B, signed by Myrnie Brown, or (ii) the entry of this Decree, whichever is later, Illinois Action for Children shall:

   a. pay the gross sum of sixteen thousand dollars ($16,000.00), less the employee's share of required payroll withholding, directly to Ms. Brown to the address indicated on the release by certified or registered mail. Illinois Action for Children shall report the settlement payment on an I.R.S. Form W-2.

   b. pay the sum of forty-four thousand dollars ($44,000.00) directly to Ms. Brown to the address indicated on the release by certified or registered mail. Illinois Action for Children shall report the settlement payment on an I.R.S. Form 1099. Ms. Brown shall be solely responsible for any and all taxes owed on said payment.

## POSTING OF NOTICE

8. Within ten (10) business days after entry of this Decree, Illinois Action for Children shall post a same-sized copy of the Notice attached as Exhibit A to this Decree at each of the facilities it owns or leases in Illinois, in conspicuous locations easily accessible to and commonly frequented by employees. The Notices shall remain posted for the term of this Decree. Illinois Action for Children shall take all reasonable steps to ensure that the

postings are not altered, defaced or covered by any other material. Illinois Action for Children shall certify to the EEOC in writing within fifteen (15) business days after entry of the Decree that the Notices have been properly posted. Illinois Action for Children shall permit a representative of the EEOC to enter Illinois Action for Children's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

### RECORD KEEPING

9. For the term of this Decree, Illinois Action for Children shall maintain and make available for inspection and copying by the EEOC records detailing each request by an employee for continuous leave in excess of one week which is due to a medical condition and for which the employee is not eligible under the Family Medical Leave Act ("FMLA"). The records shall include: a) the name and most recent contact information for the employee and his/her position; b) the leave requested; c) to whom the request was made; d) any decision made by Illinois Action for Children regarding the leave request, including all leave discussed with or offered to the employee and any accommodations discussed with or offered to the employee in lieu of leave; and e) the name and position of all persons involved in the decision.

10. Illinois Action for Children shall make all documents or records referred to in Paragraph 9, above, available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, Illinois Action for Children shall make available all persons within its employ whom the EEOC reasonably requests for purposes of verifying compliance with this Decree and shall permit a representative of the EEOC to enter Illinois Action for Children's premises for such purposes on ten (10) business days' advance notice by the

EEOC. Illinois Action for Children has the right to have legal counsel present during any inspections of documents or records or interviews of its current supervisory or managerial employees.

11. Nothing contained in this Decree shall be construed to limit any obligation Illinois Action for Children may otherwise have to maintain records under the ADA or any other law or regulation.

## REPORTING

12. Illinois Action for Children shall furnish to the EEOC the following written reports for the term of this Decree. The first report shall be due seven (7) months after entry of the Decree; the second report shall be due fourteen (14) months after entry of the Decree; and the third and final report shall be due twenty-one (21) months after entry of the Decree, which is three (3) months before the termination of the Decree. Each such report shall contain:

   a. The information recorded in Paragraph nine (9), above, during the time period preceding each report ("the reporting period"), and

   b. A certification by Illinois Action for Children that the Notice required to be posted in Paragraph eight (8), above, remained posted during the entire reporting period.

## TRAINING

13. Defendant shall provide annual training on the following terms:

   a. Defendant shall retain and pay for an outside consultant, lecturer, or attorney ("trainer"), approved by the EEOC, to provide in-person and on-line training with respect to the provisions of and compliance with the Americans with Disabilities Act.

b.  The training will be provided in-person to all Illinois Action for Children's officers, supervisors, managers, and HR personnel.  Illinois Action for Children may videotape the trainings.  If any required personnel are not able to attend the training in person, such individuals must make-up the class by watching the video within thirty (30) calendar days of the date of the in-person training.

c.  Illinois action for Children will provide separate on-line training for all other employees, which shall also be reviewed by the EEOC with the right to object, pursuant to paragraph 13(e) below.

d.  Illinois Action for Children shall first provide training in accordance with Paragraph 13(a), (b) and (c) within one hundred and twenty (120) calendar days of the entry of this Consent Decree, and the second round of annual training within one hundred and twenty (120) calendar days of the one-year anniversary date of the entry of this Consent Decree. A registry of attendance and/or participation in the on-line trainings (below) shall be retained by Illinois Action for Children for the duration of the Consent Decree.

e.  Illinois Action for Children shall obtain the EEOC's consent of its proposed trainer and on-line training program prior to each set of training sessions.  Illinois Action for Children shall submit the name, address, and resume of the proposed trainer, together with the training materials the trainer intends to use, and the proposed on-line training program to the EEOC within forty-five (45) calendar days prior to the first day of the proposed date(s) of training.  The EEOC shall have fifteen (15) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer(s)/program.  In the event

the EEOC does not consent to Illinois Action for Children's designated trainer(s)/program, Illinois Action for Children shall have fifteen (15) calendar days to identify an alternate trainer/program. The EEOC shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the alternate trainer/program. In the event the EEOC does not approve Illinois Action for Children's alternate trainer/program, the EEOC shall designate the trainer/program to be retained and paid for by Illinois Action for Children.

f.  Illinois Action for Children agrees to provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions, if not provided to EEOC in advance of the training. Even though the EEOC has approved of or designated a trainer or program for one training session, it is not required to approve of or designate the same trainer for a subsequent training session.

g.  Illinois Action for Children shall certify to the EEOC in writing within fifteen (15) business days after the trainings have occurred that the trainings have taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the in-person trainings; (ii) a copy of the registry of attendance of the in-person trainings, which shall include the name and position of each person in attendance; (iii) a listing of any current supervisors, managers, and HR personnel who made up the course by watching the training video; (iv) a list of non-supervisory/HR personnel who took the on-line training; and (v) a listing of all current employees as of the date of the

7

trainings. If any required personnel make-up the in-person class by watching the video of the in-person training, Illinois Action for Children shall provide the aforementioned certification covering the make-up trainings within forty-five (45) calendar days of the date of the original in-person training.

## DISPUTE RESOLUTION

14. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party fifteen (15) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within fifteen (15) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

15. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 14, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

16. Each party to this Decree and Myrnie Brown shall bear its own expenses, costs and attorneys' fees.

17. The terms of this Decree are and shall be binding upon the present and future representatives, agents, officers, assigns, and successors of Defendant. Defendant will provide a copy of this Decree to any organization which proposes to acquire or merge with Defendant, prior to the effectiveness of any such acquisition or merger. In the event that Defendant is acquired by or merges with another organization, Defendant shall notify the EEOC of this fact, in writing, within ten (10) days of such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court of contempt for a violation of this Decree.

18. Defendant shall notify the EEOC, in writing, of any material change in its corporate structure.

19. When this Decree requires a certification by Illinois Action for Children of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of Illinois Action for Children. When this Decree requires the submission by Illinois Action for Children of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Illinois Action for Children Settlement, Legal Unit, Equal Employment Opportunity Commission, 230 S. Dearborn St., #2920, Chicago, Illinois, 60604. When this Decree requires submission by the EEOC of notice to Illinois Action for Children, it shall be mailed to: (a) Maria Whelan, President and Chief Executive Officer, or her successor, Illinois Action for Children, 4753 N. Broadway, Suite 1200, Chicago, Illinois 60640; and (b) David Moore and Violet Clark, Laner Muchin, Ltd., 515 N. State Street, Suite 2800, Chicago, Illinois 60654-4688. By advance agreement of the parties, materials may alternatively be submitted by electronic mail.

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M. Street, NE
Washington, D.C. 20507

James Lee
Deputy General Counsel


EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION
230 S. Dearborn St.
Suite 2920
Chicago, Illinois 60604
(312) 872-9704

/s/ Gregory Gochanour
Gregory Gochanour
Regional Attorney

/s/ Diane Smason
Diane Smason
Supervisory Trial Attorney

/s/ Kelly Bunch
Kelly Bunch
Trial Attorney

/s/ Ethan Cohen
Ethan Cohen
Trial Attorney

For Illinois Action for Children

/s/ David Moore
David Moore
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654-4688

/s/ Violet Clark
Violet Clark
Laner Muchin, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60654-4688

DATE: _June 18, 2019_     ENTER:  _Rebecca Pallmeyer_

The Honorable Rebecca Pallmeyer
United States District Judge

## EXHIBIT A

### NOTICE TO ALL ILLINOIS ACTION FOR CHILDREN EMPLOYEES

 This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Illinois Action for Children, Case No. Civ. 17-cv-6224 (N.D. Ill.), settling a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Illinois Action for Children, involving a former employee. The EEOC alleged that Illinois Action for Children discriminated against the employee in violation of the Americans with Disabilities Act (ADA) by denying her a reasonable accommodation for her disability and terminating her instead. Illinois Action for Children filed an Answer, in which it denied the allegations of the Complaint.

 To resolve the case, Illinois Action for Children and the EEOC have entered into a Consent Decree which provides, among other things, that:

1)  Illinois Action for Children will make a settlement payment to the former employee;

2)  Illinois Action for Children will comply with the provisions of the ADA by providing disabled employees with reasonable accommodations;

3)  Illinois Action for Children will not retaliate against any person exercising rights under the ADA;

4)  Illinois Action for Children will train all of its employees annually on the ADA.

 The EEOC enforces the federal laws against discrimination in employment on the basis of race, national origin, color, religion, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (866) 408-8075. The EEOC charges no fees and has employees who speak languages other than English.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for twenty-four (24) months from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Illinois Action for Children Settlement, EEOC 230 S. Dearborn, Suite 2920, Chicago, Illinois 60604.**

_____
Date

_____
The Honorable Rebecca Pallmeyer
United States District Judge

**EXHIBIT B**

**RELEASE AGREEMENT**

      I, Myrnie Brown, for and in consideration of the sum payable to me by Illinois Action for Children, pursuant to the terms of the Consent Decree entered by the Court in *EEOC v. Illinois Action for Children.,* 17-cv-6224 (N.D. Ill.), hereby waive my right to recover for any claims of discrimination under the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 that I had against Illinois Action for Children prior to the date of this release that were included in the claims alleged in the EEOC's Complaint in this case.

Date: _____       _____

                                             Myrnie Brown
                                             6240 South Bishop Street
                                           Chicago, IL 60636